ROANE, Judge.
The act of 1793, p. 309, i?. C. concerning forthcoming bonds, is silent as to the penalty in which those bonds are to be taken. Indeed it is the universal practice to take them in double the sum contained in the execution ; but as the law is silent as to this, it will not vitiate a bond voluntarily given, having through mistake or misapprehension of the law,* a greater or lesser sum in the penalty.
The condition of the bond, in the present case, is com formable to the law ; as it is to have the property ready at the time and place of sale. But the same act requires that the bond shall recite the service of the execution and the amount of the'money or tobacco due thereon ; and it is alIedged that the present bond does not truly state the amount due ; hut more, i. e. by the amount of the Sheriff’s commissions.
These commissions ought not, by-the then law, to have been inserted in the bond : 1st. Because they are no part of the amount of the money or tobacco due thereon, but are only a collateral recompense to the Sheriff; and 2d. Because by the same act the bond is to be discharged by payment of *37 the money or tobacco mentioned in the execution, which shews that the bond should be given for nothing more than what is mentioned in the execution. '
By the provisions of this act, the defendant may discharge the conditions of his bond, either by 'delivery of the property, or,, as I have before said, by paying the money or tobacco mentioned in the execution ; and not that recited in the bond. Therefore, in a motion on such a bond, if the defendant can shew the Court, that the sum due by the execution is less than that recited in the bond, the Court in rendering judgment will have reference to the execution itself; so that in either case the obligor cannot be injured. But in the present instance, the ‘plaintiff has entered a remittitur for the excess stated in the bond, i. e. the Sheriff’s commissions ; and the defendant has consequently sustained no injury whatever by the judgment, which is in fact given only, for what is due by the execution. There can be no reason then, for not sustaining the judgment, which is for the sum really due, as neither the penalty nor condition of the bond is contrary to law ; although there be a departure from the usual rule of penalties and a mistake in the recital of what is really due.
With respect to the settlement of the exchange on this • judgment, I have no doubt it was proper to be settled at that time ; and the agreement of the parties extends to the rate as established by the certificate of James Brown. I think, therefore, that the judgment ought to be affirmed.
CARRINGTON, Judge.
The principal question is, if the Sheriff’s commissions being included has rendered the bond void ? This was a question arising under the laws before the act of 1794, when the case was provided for. If we reflect upon the practice of Sheriffs, in appointing very ignorant or very young men as deputies, it is not to be wondered at that mistakes of this kind frequently occur. But, as they are mistakes arising merely in the execution of the judgment, they ought not to vitiate, but should be corrected according to the truth of the case. It is the duty of the Court to see that their process is rightly executed ; and to correct mistakes if any have happened in the execution of it. For, otherwise, a fraudulent Sheriff might connive with the debtor, and by taking the bond for a little more or a little less, destroy its effect on purpose. I do not think, that the mistake ought to avoid the bond in the present case ; and as the commissions were re *38 leased and execution awarded for no more than was actually due, there does not appear to me to be any exception to the on that ground.
As to the rate of exchange it was settled by agreement, and the first omission cured ; which puts an end to that objection. I have always thought, that this Court should not seek for reasons to reverse judgments upon mere points of practice ; but should make a point of sustaining them where justice has been attained, if it can be done without any violation of the rules of law.
LYONS, Judge.
I think a mere misrecital like the present is noterror; but may be corrected by the execution. This was a matter depending upon calculation. It is, indeed, the Sheriff’s business to see that the calculation is right; but, if he omits it, and any mistake intervenes, it is under the control of the Court who may correct it. This is a summary proceeding under a law which suspends the immediate harsh effects of an execution for the benefit of the debtor ; and the construction should be as beneficial for the creditor, as the debtor. So, that if no error should he admitted to prejudice the latter, a mere mistake in calculation ought not to injure the former ; as certainty can be had by reference to the execution. I think, therefore, there is no error upon that ground.
As to the other point, the sterling money was properly settled at the time of the judgment: because the rate of exchange was liable to fluctuation, and therefore should be ascertained at the time when the plaintiff is to get his money.
PENDLETON, President. The first error assigned is, that the Sheriff’s commissions were improperly made part of the aggregate sum for which the bond was given. The record, indeed, states that it was so: but, that the plaintiff endorsed a release of that sum on the bond, and judgment is entered for the balance: So that justice is done in that respect.
But the counsel insisted that the insertion made the whole bond void: In which I differ from him. If the excess had been inserted in consequence of an usurious contract, or for .money won at gaming, it would have vitiated the whole bond under .the acts of Assembly on those subjects. Or, if it had been for a claim evil in itself, it might have furnished some color for the objection. But the Le *39 gislature have removed even that color; they, having by their law of 1794, allowed the commissions ; and if it was not unjust in principle then, it was not so, before. If it was an error, which I don’t decide, it was inserted by mistake ; and all that is to be done in reason and by precedents, is to rectify the mistake, and the bond is good for the balance.
The second objection is, to the entry of the judgment relative to the exchange: Which it is said, should have been settled according to the rate of exchange allowed in the first judgment, and that it should have been entered for the current money. In both points I think the counsel mistaken: what the first rate of exchange was, don’t appear; the bond being properly taken for sterling money,, if it varied, the course of exchange at the time of the second judgment was the proper rule; it being the intention of the iaw to enable the sterling-creditor to place his current money when paid in Britain, without loss in the difference of exchange.' The entry of the judgment for sterling money, which may be discharged in current money at 40 per cent, exchange, strictly pursues the law and uniform practice, leaving the defendant the alternative of paying in either money. Whether this be right in principle, since it gives the debtor an advantage from the fall of exchange, without subjecting him to a loss by a rise, is not our business to enquire ; the law has placed him in this situation, and the Court cannot change it.'
Affirm the judgment.

[* In Stuart v. Lee, Govr. 3 Call, 423, Roane, J. asked the Reporter, it* the words or misapprehension of the law, were not mistaken; saying that he meant to decide upon the right to resort to the execution for the calenlation,]