Cranch, C. J.,
delivered the opinion of the Court. This is a motion for an execution on a forthcoming bond, dated November 18th, 1799, which recites the amount of' the execution on the judgment to be four hundred and sixteen dollars and sixty cents, including all legal costs attending the execution. The defendant opposes the award of execution on this bond. 1. Because it does not recite the service of the former execution, and, 2. Because it does not recite the amount due thereon. .
The words of the Act of Assembly (p. 298, <§> 13,) are “ a bond from such debtor and securities, payable to the creditor, reciting the service of such execution, and the amount of the money or tobacco due thereon, and with condition to have the goods and chattels forthcoming at the day of sale appointed by such sheriff or officer.” And such a bond, when returned, is to have the force of a judgment; and thereupon the Court, on motion, may award, execution for the money and tobacco therein mentioned, with interest from the date of the bond,’ and costs.
The defendant produces the execution upon which the bond was taken, which appears to be for $372.05

Marshal’s corn’s 5 per cent, on $300.00 $15.00
2 per cent, on 98.51 1.97 16.97
Service, 63
$416.11
The error of 49 cents, is the difference between 2 and 2£ per cent, on 98.51. The bond recites the service of the execution to *321 have been made by James Campbell, deputy town-sergeant, whereas the execution appears to have been returned by C. Turner, the town-sergeant himself. In consequence of this variance, it is contended by the defendant’s counsel, that the service of the execution is not recited in the bond. Upon this point, the Court is of opinion, that the return by the principal sergeant is not conclusive evidence that the service was not made by Campbell, his deputy, as alleged in the bond.
The Act of Assembly which has been cited, (p. 123, § 26,) and which requires the deputy to indorse his name as well as that of his principal, on the writ which he has served, does not make void the service if the deputy should fail to indorse his name on the writ. It only subjects him to a penalty; and the object of the law was to prevent disputes between sheriffs and their deputies.
The act respecting the forthcoming bond, does not require that it should recite the return of the execution, nor the certificate of the service, nor the name of the person by whom the service was made; but it must recite the service of the execution ; that is, as the Court understands it, the bond shall aver that the execution has been served. This has been done, and therefore the Court thinks the bond has satisfied the words and spirit, of the act in this respect.
As to the other objection, that the amount due on the execution is not recited, because the sum stated in the bond includes the marshal’s commissions, which are miscalculated, and are stated to be forty-nine cents too much, the Court, at a former argument of the ease, intimated to the counsel for the defendant, that the point was probably settled in the cases of Scott v. Hornsby, 1 Call, 41, and the three following: Bell v. Marr, 1 Call, 47; Worsham v. Egleston, 1 Call, 48, and Wilkinson v. McLochlin, 1 Call, 49; and that, unless a distinction could be taken between this case and the principle on which those cases were decided, their authority was decisive. An attempt has been made to point out a difference. It is said that in the cases in Call’s Reports, the amount due upon the execution was in every instance truly stated, but the bond contained an additional sum separate from the amount due on the execution; that the error existed in this separate sum; and that the bond contained in itself the data by which the amount really due upon the execution might be ascertained and the bond itself corrected. But upon an examination of those cases the Court does not find the fact to be so.
In the case of Scott v. Hornsby, the sheriff took the bond, including his commissions. It does not appear that the amount of the commissions was stated in the bond. It rather seems, from the report of the case, that the principal, costs, and commissions were *322 stated in an aggregate sura. Yet, the plaintiff having released those commissions, the court awarded execution for the residue.
Mr. Swann, for the plaintiff.
Mr. Youngs, for the defendant.
In the case of Bell v. Marr, 1 Call, 47, the forthcoming bond exceeded the amount of the execution by the sum of ¿£23. 6s. 7^d. Execution was awarded on the bond for the whole sum, and three days afterwards the plaintiff released the excess on record, and the judgment was affirmed on writ of error. Here it is not stated whether the ¿£23. 6s. 73¡d. was part of a whole sum, or whether it formed a separate item in the execution ; but the former seems the most probable conjecture.
In Worsham v. Egleston, 1 Call, 48, the bond recited the amount of the execution to be 7342 pounds of tobacco, including interest, costs, and the sheriff’s commissions. The execution was only for 6940 lbs. tobacco. The Court of Appeals, reversed the judgment on account of the commissions being included, but gave judgment in favor of the plaintiff for the residue. Here the sum clearly was aggregate, and the commissions not specially stated in the bond. It was exactly the present case in that respect.
So in Wilkinson v. McLochlin & Co., 1 Call, 49, the bond recited that the execution amounted to £195. 12s. 6d., including interest, sheriff’s commissions, and all legal costs. But the execution was only for ¿£187. 13s. 7'd. The same judgment was entered by the Court of Appeals as in the last case, and yet there was nothing in the bond itself by which the error could be corrected.
These two last cases are exactly in principle the same as that now before us, and are decisive that the plaintiff is entitled to his execution for the whole amount of the condition of the bond, excepting the 49 cents error in calculating the commissions.
The plaintiff had better release the 49 cents before the award of execution is entered. Execution to be awarded.
Note. The Hon. Allen Bowie Duckett took his seat on the Alexandria Bench, July 3d, 1806.